1
2
3
4

Abenicio Cisneros, SBN 302765
2443 Fillmore Street, #380-7379
San Francisco, CA 94115
707-653-0438
acisneros@capublicrecordslaw.com

5

Attorney for Plaintiff NATIONAL LAWYERS GUILD,
SAN FRANCISCO BAY AREA CHAPTER

6

7
8

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO-OAKLAND DIVISION**

9

10

NATIONAL LAWYERS GUILD, SAN
FRANCISCO BAY AREA CHAPTER,

11

Plaintiff,

12

vs.

13

14

DEPARTMENT OF HOMELAND
SECURITY; DEPARTMENT OF
HOMELAND SECURITY OFFICE OF
CUSTOMS AND BORDER PROTECTION,

15

16

Defendants.

17

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF UNDER
THE FREEDOM OF INFORMATION
ACT, 5 USC § 552**

18

19

**INTRODUCTION**

20

     1.     Plaintiff NATIONAL LAWYERS GUILD, SAN FRANCISCO BAY AREA

21

CHAPTER files this Freedom of Information Act suit under 5 U.S.C. § 552 to force

22

Defendants DEPARTMENT OF HOMELAND SECURITY ("DHS"), AND

23

DEPARTMENT OF HOMELAND SECURITY CUSTOMS AND BORDER

24

PROTECTION ("CBP") to produce records related to the detention and interrogation of

25

Jerome Aladdin Succor Aba, a Filipino activist who was detained for 28 hours by CBP at

26

San Francisco International Airport before being denied entry to the United States.

27

28

**PARTIES**

2.   Plaintiff NATIONAL LAWYERS GUILD, SAN FRANCISCO BAY AREA CHAPTER ("NLGSF") is a not-for-profit organization. NLGSF is an association of jailhouse lawyers, legal workers, law students and lawyers which advocates for social change and human rights. Its goals include promoting justice in the administration of the law, eliminating racism and protecting civil rights and liberties. NLGSF submitted the FOIA requests at issue in this case.

3.   Defendant DHS is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

4.   Defendant CBP is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

**JURISDICTION AND VENUE**

5.   This case is brought under 5 U.S.C. § 552(a)(6)(C)(i) and presents a federal question conferring jurisdiction on this Court.

6.   Venue is proper under 5 U.S.C. § 552(a)(4)(B) because Plaintiff NLGSF is located in this District.

**INTRADISTRICT ASSIGNMENT**

7.   Pursuant to Local Rule 3-2, this action is properly assigned to the San Francisco or Oakland divisions of this Court.

**FACTUAL ALLEGATIONS**

**NLGSF's FOIA REQUESTS**

8.   On April 24, 2018, NLGSF[1] submitted a FOIA request ("Request 1") for records "related to Mr. Jerome Aba, an individual from the Philippines who was in the custody of the U.S. Customs & Border Protection ("CBP") upon his arrival to the San Francisco International Airport ("SFO") on or about April 17, 2018 at approximately

---

[1] The requests at issue were submitted by both NLGSF and the American Civil Liberties Union Foundation of Northern California ("ACLU") by ACLU staff attorney Vasudha Talla.

8:00 p.m. until his departure from SFO on or about April 19, 2018 at approximately 2:00 a.m." The request went on to identify four categories of records which would be included in responsive records but which the request is not limited to: (1) records relating to Mr. Aba's travel to and from the United States, such as his visa, records reflecting his detention and questioning, and documents he may have signed while in CBP custody; (2) records of communications by and between CBP and other federal, state, foreign, or international persons or entities regarding Mr. Aba; (3) records relating to the detention and interrogation of Mr. Aba, including any video footage of the detention; and (4) records relating to the individuals who were involved in the detention and interrogation of Mr. Aba. A true and accurate copy of the April 24, 2018, FOIA request is attached as EXHIBIT A.

9. On May 29, 2018, NLGSF submitted a second FOIA request ("Request 2") to CBP and, for the first time, submitted the request to DHS and DOS.[2] As in the April 24 request, NLGSF sought all records relating to Mr. Aba. However, the May 29 request more explicitly identified categories of responsive records to be provided. In addition to records previously identified, NLGSF identified the following types of records in Request 2: any logs, notes, or chronologies that mention Mr. Aba or that were prepared during the time when Mr. Aba was detained at SFO; any records presented to Mr. Aba for signature (whether or not he signed them); records related to searches of Mr. Aba's person, belongings or luggage; records related to searches of Mr. Aba's electronic devices; records reflecting any food ordered by or prepared for Mr. Aba; records making reference to destroyed or discarded records regarding Mr. Aba; and records related to an identified "SIGMA Event #" and "Event #". A true and accurate copy of the May 29, 2019 FOIA request (with certain personal information redacted)

---

[2] While this action is against DHS and CBP, Plaintiff is currently in process of exhausting administrative remedies against DOS and reserves the right to amend this Complaint once administrative remedies have been exhausted should DOS continue to fail to provide responsive records.

1    is attached as EXHIBIT B.

2   10.  Along with Request 2, NLGSF sent a Department of Homeland Security U.S.

3        Citizenship and Immigration Services "Signed Freedom of Information/Privacy Act

4        Request" Form G-639 signed by Mr. Aba authorizing the release of records. See

5        Exhibit B.

6    **CBP'S FOIA VIOLATIONS**

7   11.  CBP has failed to provide records in violation of FOIA.

8   12.  On May 2, 2018, CBP denied Request 1, to which it assigned tracking number "CBP-

9        2018-050484," citing to 6 C.F.R. Part 5 §5.3(b) of the DHS FOIA regulations, on the

10      grounds that Request 1 is a "third party request" that was not accompanied by a

11      signed G-639 form authorizing the release of records. A true of accurate copy of

12      CBP's May 2, 2018 denial is attached as EXHIBIT C.

13   13.  In the May 2 denial, CBP did not assert why it believed it could refuse to provide

14      those requested records which do not contain personal information regarding Mr.

15      Aba, such as records identifying staff who participated in Mr. Aba's detention and

16      interrogation, or communications with other agencies, persons, or entities regarding

17      Mr. Aba.

18   14.  On June 11, 2018, CBP acknowledged and closed Request 2. First, CBP sent an

19      email acknowledging receipt of Request 2 and assigning it tracking number "CBP-

20      2018-062870." Then, CBP sent an email closing Request 2 on the grounds that it is a

21      "duplicate of an earlier request" and asserting that NLGSF's earlier request (which it

22      referred to by tracking number "CBP-2018-059738," which is distinct from the

23      tracking number provided in the May 2, 2018 denial) "will be processed in the order

24      it was received." True and accurate copies of CBP's June 11 acknowledgment and

25      closure emails are attached as EXHIBIT D.

26   15.  On June 13, 2018, CBP sent an additional "acknowledgment" for NLGSF's requests

27      via automated notice. The notice referenced the new tracking number ("CBP-2018-

28

059738") and asserted that the average time to process a FOIA request related to "travel/border" incidents" is a minimum of 3-6 months. <u>A true and accurate copy of CBP's June 13, 2018 acknowledgment is attached as EXHIBIT E.</u>

16.   Despite well over a year having passed, to date CBP has not sent any substantive response and has not provided even a single record in response to either Request 1 or Request 2.

### **DHS'S FOIA VIOLATIONS**

17.   DHS responded separately from CBP, provided its own tracking numbers, and failed to provide all responsive records.

18.   On June 11, 2018, DHS sent an acknowledgement letter from the "OBIM FOIA" which assigned tracking number "2018-OBFO-26128" to the request. DHS's letter invoked a 10-day extension and further asserted that the request seeks records from the "Automated Biometric Identification System (IDENT)." <u>A true and accurate copy of DHS's June 11 acknowledgment letter is attached as EXHIBIT F.</u>

19.   On August 28, 2018, DHS responded substantively to the request via letter. DHS asserted that the search of IDENT produced a total of three (3) pages of records, which DHS provided with redactions. To justify redactions, it asserted FOIA Exemption 6, FOIA Exemption 7(C), and FOIA Exemption (7)(E). The letter informed NLGSF of its right to appeal. The letter made no mention of records held by CBP which did not pertain to IDENT, and did not clarify whether this response is meant to apply to CBP's most recent tracking number (CBP-2018-059738). <u>A true and accurate copy of the DHS's August 28, 2018 letter is attached as EXHIBIT G.</u>

20.   On November 11, 2018, NLGSF appealed DHS's response. First, NLGSF asserted that the DHS response–which indicated only three responsive records exist–did not reflect that DHS had conducted a reasonable and adequate search for records, and that the response did not encompass records held by CBP. Second, the appeal challenged DHS's assertion of Exemptions (6) and (7)(C) to redact the "Terminal

ID" on the basis that DHS failed to provide a sufficient factual predicate to establish the basis of the exemptions. Finally, NLGSF challenged DHS's assertion of Exemption (7)(E) on the basis that DHS did not provide sufficient factual predicate to establish that the information withheld was compiled for a law enforcement purpose, nor that disclosure would risk circumvention of the law. <u>A true and accurate copy of NLGSF's appeal of DHS's response (with sensitive personal information redacted) is attached as EXHIBIT H.</u>

21. On May 10, 2019, DHS responded to NLGSF's appeal via letter from the United States Coast Guard Office of the Chief Administrative Law Judge which reviews FOIA appeals for DHS. The letter affirmed DHS's denial in part, and remanded the denial in part. Specifically, the letter affirmed DHS's assertion of FOIA Exemption (7)(E), and remanded for further explanation regarding FOIA Exemption (6). The letter made no mention whatsoever of NLGSF's assertion that more than three responsive records exist, or that DHS failed to respond on behalf of CBP. The letter asserted that it requested further information from DHS to be supplied within 30 days. <u>A true and accurate copy of DHS's May 10, 2019, letter is attached as EXHIBIT I.</u>

22. On June 19, 2019, DHS sent its final response. As before, the letter came from the US Coast Guard. The June 19 letter clarified that DHS provided no further information in response to the May 10 remand and request for further explanation. The letter states that it "constitutes final Agency action and [NLGSF is] now able to appeal this matter to Federal District Court." <u>A true and accurate copy of DHS's final response is attached as Exhibit J.</u>

23. Plaintiff has incurred, and will continue to incur, attorneys' fees and costs in an amount to be determined according to proof.

/

/

## FIRST CLAIM FOR RELIEF:
### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

24. Plaintiff incorporates the above paragraphs as if fully set forth herein.

25. Defendant CBP has wrongfully withheld agency records requested by Plaintiff under FOIA and has failed to comply with the statutory time for the processing of FOIA requests.

26. Plaintiff has exhausted the applicable remedies with respect to CBP's wrongful withholding of the requested records.

27. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records because Defendant CBP continues to improperly withhold agency records in violation of FOIA. Plaintiff will suffer irreparable injury from, and have no adequate legal remedy for, CBP's illegal withholding of government records pertaining to the subject of Plaintiff's FOIA request.

## SECOND CLAIM FOR RELIEF:
### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records.

28. Plaintiff incorporates the above paragraphs as if fully set forth herein.

29. Defendant DHS has wrongfully withheld agency records requested by Plaintiff under FOIA and has failed to comply with the statutory time for the processing of FOIA requests/appeals.

30. Plaintiff has exhausted the applicable remedies with respect to DHS's wrongful withholding of the requested records.

31. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records because Defendant DHS continues to improperly withhold agency records in violation of FOIA. Plaintiff will suffer irreparable injury from, and have no adequate legal remedy for, DHS's illegal withholding of government records pertaining to the subject of Plaintiff's FOIA request.

1

## **PRAYER FOR RELIEF**

2      WHEREFORE, Plaintiff prays that this Court:

3      1.  Order Defendant CBP to promptly process and release all responsive records;

4      2.  Order Defendant DHS to promptly process and release all responsive records;

5      3.  Declare that Defendant CBP's failure to disclose the records requested by

6          Plaintiff is unlawful;

7      4.  Declare that Defendant DHS's failure to disclose the records requested by

8          Plaintiff is unlawful;

9      5.  Award Plaintiff its litigation costs and reasonable attorney's fees incurred in this

10         action;

11     6.  Grant such other relief as the Court may deem just and proper.

12          **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

13     Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than

14 the named parties, there is no such interest to report.

15

16 Dated: October 9, 2019

17                                 Respectfully submitted,
                                   /S/
18                                 ABENICIO CISNEROS
                                   Attorney for Plaintiff
19

20

21

22

23

24

25

26

27

28