# EXHIBIT A



**AMERICAN CIVIL LIBERTIES UNION
FOUNDATION**

Northern
California

April 24, 2018

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

**VIA FAX & E-MAIL**

Brian Humphrey
Director, Field Operations
U.S. Customs & Border Protection
33 New Montgomery Street, Suite 1620
San Francisco, CA 94105
Fax: (650) 877-5111

FOIA Officer
U.S. Customs & Border Protection
1300 Pennsylvania Avenue, NW Room 3.3D
Washington, D.C. 20229
Fax: (202) 325-0230

Re:    Preservation of Records related to Jerome Aba
       Freedom of Information Act Request, *Expedited Processing Requested*

Dear Mr. Humphrey:

  The American Civil Liberties Union of Northern California ("ACLU-NC") and the
National Lawyers Guild San Francisco Bay Area Chapter ("NLG-SF") submit this letter
demanding that you preserve any and all evidence and records related to Mr. Jerome Aba, an
individual from the Philippines who was in the custody of the U.S. Customs & Border Protection
("CBP") upon his arrival to the San Francisco International Airport ("SFO") on or about April
17, 2018 at approximately 8:00 p.m. until his departure from SFO on or about April 19, 2018 at
approximately 2:00 a.m.  Further, this is a request on behalf of the ACLU-NC and NLG-SF for
such records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522 *et seq*.,
implementing regulations 6 C.F.R. § 5.1 *et seq.*, and any other applicable regulations.

  I.  Request to Preserve Records and for Information Pursuant to FOIA

  This demand for preservation of records ("Records") includes, but is not limited to, the
following items, all of which we also request you disclose pursuant to FOIA:

1. Any and all Records relating to Mr. Aba, his travel to and from the United States, his visa
  or other documents authorizing admission and entry to the United States, his detention and
  questioning by CBP, and documents he may have signed while in the custody of CBP.

**American Civil Liberties Union Foundation of** Northern California
EXECUTIVE DIRECTOR Abdi Soltani • BOARD CHAIR Magan Pritam Ray
SAN FRANCISCO OFFICE: 39 Drumm St. San Francisco, CA 94111 • FRESNO OFFICE: PO Box 188 Fresno, CA 93707
TEL (415) 621-2493 • FAX (415) 255-1478 • TTY (415) 863-7832 • WWW.ACLUNC.ORG

2.  Any and all Records of communications by and between CBP and other federal, state, foreign or international persons or entities about Mr. Aba.

3.  Any and all Records relating to the detention and interrogation of Mr. Aba at SFO during the period of April 17, 2018 to April 19, 2018, including but not limited to any and all video footage corresponding to the period: from April 17, 2018 6:00 p.m. to April 19, 2018 6:00 a.m.

4.  Any and all Records relating to the individuals who were involved in the detention and interrogation of Mr. Aba at SFO.

For the purposes of this Request, "Records" are collectively defined to include, but are not limited to: all records or communications preserved in written or electronic form, correspondence, documents, data, video, images, audio, emails, faxes, text communications between phones or other electronic devices (including, but not limited to, communications sent via SMS or other text, Blackberry Messenger, iMessage, WhatsApp, Signal, Gchat, or Twitter direct message); audio recorded on cell phones; voicemail messages; social-media posts; files; evaluations; instructions; analyses; notes; orders; policies; procedures; protocols; directives; guidance documents; guidelines; formal and informal presentations; training documents; bulletins; alerts; updates; advisories; reports; manuals; studies; legal and policy memoranda; contracts or agreements; minutes or notes of meetings and phone calls; and memoranda of understanding.

Please be advised that we are making this demand for the preservation of all Records related to Jerome Aba in light of potential requests and/or litigation pursuant to FOIA and other applicable laws.

Therefore, we are demanding that the above-referenced Records be preserved until the final resolution of any and all civil and/or other investigative proceedings arising from this incident. In the event that you do not intend to preserve the aforesaid Records as we have requested, please advise me immediately in writing of your intention and the legal basis for your refusal to preserve this evidence.

## II.     REQUEST FOR EXPEDITED PROCESSING

We request expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and the statute's implementing regulations. There is a "compelling need" for these records, as defined in the statute and regulations, because there is urgency to inform the public concerning actual or alleged Federal Government activity and the request has been made by an organization primarily engaged in disseminating information. *See* 5 U.S.C. § 552(a)(6)(E)(v); 6 C.F.R. § 5.5(e)(1)(ii).

*First*, the ACLU-NC and NLG-SF are requestors "primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II); 6 C.F.R. § 5.5(e)(1)(ii). The ACLU-NC is an affiliate of the ACLU, a national organization that works to protect civil liberties of all people,

including the safeguarding of the basic constitutional rights to privacy, free expression, and due process of law. The ACLU-NC is responsible for serving the population of northern California. ACLU-NC staff persons are frequent spokespersons in television and print media and make frequent public presentations at meetings and events. Similarly, the NLG-SF is a chapter of the National Lawyers Guild, the nation's oldest and largest progressive bar association, whose members frequently write and speak on human rights, civil rights and other matters of public interest. The ACLU-NC and NLG-SF plan to analyze and disseminate to the public the information gathered through this Request at no cost, and the records are not sought for any commercial purpose.

Dissemination of information about actual or alleged governmental activity is a critical and substantial component of the ACLU's and NLG's mission and work. The ACLU-NC, for example, actively disseminates and frequently garners extensive media coverage of the information it obtains about actual or alleged government activity through FOIA and California's statutory counterpart, the California Public Records Act. It does so through a heavily visited website (averaging between 10,000 and 20,000 visitors per week) and a paper newsletter distributed to its members, who now number over 170,000. In the past, FOIA requests, litigation over FOIA responses, and information obtained by the ACLU-NC through FOIA about the federal government's immigration enforcement, ethnic and racial profiling, and detention operations have been the subject of articles on the ACLU-NC's website.[1] They have also garnered coverage by other news media.[2]

Courts have found that the ACLU and similar organizations are "primarily engaged in disseminating information" for purposes of expedited processing under FOIA. *See ACLU v. Dep't of Justice*, 321 F. Supp. 2d 24, 30 n.5 (D.D.C. 2004) (finding that a non-profit, public interest group that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience" is "primarily engaged in disseminating information" (internal citation omitted)); *see also Leadership Conference on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 260 (D.D.C. 2005) (finding Leadership Conference—whose mission is to "disseminate[] information regarding civil rights and voting rights to educate the public [and] promote effective civil rights laws"—to be "primarily engaged in the dissemination of information").

---

[1] *See, e.g.,* https://www.aclunc.org/news/aclu-northern-california-files-demands-documents-implementation-trumps-muslim-ban (FOIA request for CBP detention and deportation records); https://www.aclunc.org/news/aclu-northern-california-files-lawsuit-demanding-documents-implementation-trumps-muslim-ban (lawsuit challenging government's response to FOIA request for CBP records) https://www.aclunc.org/news/aclu-seeks-records-immigration-enforcement-actions-northern-california (FOIA request for ICE enforcement action records); https://www.aclunc.org/news/lawsuit-seeks-documents-regarding-ice-raids (lawsuit challenging government's response to FOIA request for ICE enforcement action records).

[2] *See, e.g.,* Eric Tucker, *5 Men Sue Over Anti-Terror Info-Sharing Program*, Associated Press, July 9, 2014, http://goo.gl/NYgF8p; Hameed Aleaziz, *Lawsuit Against ICE Seeks Information on Asylum Seekers*, SFGate.com, Oct. 20, 2016, http://goo.gl/VjBJYZ; Luke Darby, *What Surveillance Looks Like Under the Trump Administration*, GQ Magazine, May 1, 2017, http://goo.gl/oYvQfq; Daisy Alioto, *How Taking a Photograph Can Land You a Visit from the FBI*, Artsy.com, June 20, 2017, http://goo.gl/bGZvPh; Nicole Narea, *ICE To Hand Over Asylum Seeker Detention Policy Data*, Law360.com, Aug. 9, 2017, http://goo.gl/Q4y34D.

*Second*, there is urgency to inform the public concerning actual or alleged federal government activity. CBP detained Mr. Aba for over 24 hours at SFO, subjecting him to physical abuse in order to coerce his responses to intrusive and offensive questioning by several individuals. Mr. Aba's detention has been the focus of many recent media reports raising concerns over the basis of this mistreatment. *See, e.g.*, Muna Danish, *Filipino Human Rights Activist Detained by Customs Agents at SFO*, KQED, Apr. 18, 2018, https://bit.ly/2qVJTl1; Debora Villalon, *Filipino Activist Denied Entry at SFO Into the United States*, Fox KTVU, Apr. 19, 2018, https://bit.ly/2JmGVTH; *Filipino Activist Denied Entry to U.S. Returns to Manila*, CBS Local, Apr. 19, 2018; https://cbsloc.al/2Hqm85l; Lilian Kim, *Supporters To Rally after Filipino Peace Advocate Claims He Was Tortured*, ABC7 News, Apr. 22, 2018, https://abc7ne.ws/2Hs6uWQ.

## III.   APPLICATION FOR WAIVER OR LIMITATION OF FEES

A. Release of the records is in the public interest.

We request a waiver of search, review, and reproduction fees on the grounds that disclosure of the requested records is in the public interest because it is likely to contribute significantly to the public understanding of the United States government's operations or activities and is not primarily in the commercial interest of the requester. 5 U.S.C. § 552(a)(4)(A)(iii); 6 C.F.R. § 5.11(k).

As discussed above, numerous news accounts reflect the considerable public interest in the requested records. Given the ongoing and widespread media attention to this issue, the records sought by the Request will significantly contribute to the public understanding of the operations and activities of the Department of Homeland Security and CBP, and will be of interest to a broad interest. *See* 6 C.F.R. § 5.11(k)(1)(i), (k)(2)(iii). In addition, disclosure is not in the ACLU-NC's commercial interest. As described above, any information disclosed as a part of this FOIA Request will be available to the public at no cost. Thus, a fee waiver would fulfill Congress's legislative intent in amending FOIA. *See Judicial Watch Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of waivers for noncommercial requesters.'") (citation omitted); OPEN Government Act of 2007, Pub. L. No. 110-175, § 2, 121 Stat. 2524 (finding that "disclosure, not secrecy, is the dominant objective of the Act," quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1992)).

B. The ACLU-NC qualifies as a representative of the news media.

A waiver of search and review fees is warranted because the ACLU-NC qualifies as a "representative of the news media" and the requested records are not sought for commercial use. 5 U.S.C. § 552(a)(4)(A)(ii); *see also* 6 C.F.R. §§ 5.11(b)(6), (k)(2)(iii). Accordingly, fees associated with the processing of this request should be "limited to reasonable standard charges for document duplication." The ACLU-NC meets the statutory and regulatory definitions of a "representative of the news media" because it is an "entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." 5 U.S.C. § 552(a)(4)(A)(ii)(II); *see also Nat'l Sec. Archive v. Dep't of Def.*, 880 F.2d 1381, 1387 (D.C. Cir. 1989); *cf. ACLU v. Dep't of*

*Justice*, 321 F. Supp. 2d 24, 30 n.5 (D.D.C. 2004) (finding non-profit public interest group to be "primarily engaged in disseminating information"). The ACLU-NC is a "representative of the news media" for the same reasons that it is "primarily engaged in the dissemination of information." *See Elec. Privacy Info.Ctr. v. Dep't of Def.*, 241 F. Supp. 2d 5, 10–15 (D.D.C. 2003) (finding nonprofit public interest group that disseminated an electronic newsletter and published books was a "representative of the news media" for FOIA purposes). The ACLU-NC recently was held to be a "representative of the news media." *Serv. Women's Action Network v. Dep't of Def.*, No. 3:11CV1534 (MRK), 2012 WL 3683399, at *3 (D. Conn. May 14, 2012); *see also ACLU of Wash. v. Dep't of Justice*, No. C09-0642RSL, 2011 WL 887731, at *10 (W.D. Wash. Mar. 10, 2011) (finding ACLU of Washington to be a "representative of the news media"), *reconsidered in part on other grounds*, 2011 WL 1900140 (W.D. Wash. May 19, 2011).

* * *

Pursuant to the applicable statute and regulations, we expect a determination regarding expedited processing within ten (10) calendar days. *See* 5 U.S.C. § 552(a)(6)(E)(ii)(I); 6 C.F.R. § 5.5(e)(4).

If this request for information is denied in whole or in part, we ask that you justify all deletions by reference to specific exemptions to the Freedom of Information Act. We expect you to release all segregable portions of otherwise exempt material in accordance with 5 U.S.C. § 552(b). We reserve the right to appeal a decision to withhold any information.

Thank you for your prompt attention to this matter. Please furnish all applicable records to Vasudha Talla, American Civil Liberties Union of Northern California, 39 Drumm Street, San Francisco, California 94111, telephone (415) 621-2493 ext. 308.

I affirm that the information provided supporting the request for expedited processing is true and correct to the best of my knowledge and belief.

Executed on the 24th day of April, 2018.

Sincerely,

Vasudha Talla
Staff Attorney
American Civil Liberties Union Foundation of Northern California

cc:
Office of Inspector General/MAIL STOP 0305
Department of Homeland Security
245 Murray Lane SW
Washington, DC 20528-0305
Fax: (202) 254-4297

# **EXHIBIT B**





May 29, 2018

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

**VIA E-MAIL/ELECTRONIC SUBMISSION**

Brian Humphrey
Director, Field Operations
U.S. Customs & Border Protection
33 New Montgomery Street, Suite 1620
San Francisco, CA 94105

FOIA Officer
U.S. Customs & Border Protection
1300 Pennsylvania Avenue, NW Room 3.3D
Washington, D.C. 20229
Fax: (202) 325-0230

Chief FOIA Officer
U.S. Department of Homeland Security
245 Murray Lane SW
STOP-0655
Washington, D.C. 20528-0655

FOIA Officer
U. S. Department of State
Office of Information Programs and Services
A/GIS/IPS/RL
SA-2, Suite 8100
Washington, D. C. 20522-0208

Re:  **Preservation of Records & FOIA Request,** *Expedited Processing Requested*
**Related to Jerome Aba (A# ▉▉▉▉▉▉▉)**
**SIGMA Event # 19478131**
**Event # SFR1804000454**

Dear Sir/Madam:

The American Civil Liberties Union of Northern California ("ACLU-NC") and the
National Lawyers Guild - San Francisco Bay Area Chapter ("NLG-SF") submit this letter
demanding that you preserve any and all evidence and records related to Jerome Aba (A# ▉▉▉▉
▉▉▉▉ an individual from the Philippines who was in the custody of the U.S. Customs &
Border Protection ("CBP") upon his arrival to the San Francisco International Airport ("SFO")
on or about April 17, 2018, at approximately 8:00 p.m. until his departure from SFO on or about
April 19, 2018, at approximately 2:00 a.m.

Further, this is a request on behalf of the ACLU-NC and NLG-SF for such records
pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522 *et seq.*, implementing
regulations 6 C.F.R. § 5.1 *et seq.*, and any other applicable regulations.

**American Civil Liberties Union Foundation of Northern California**
EXECUTIVE DIRECTOR Abdi Soltani • BOARD CHAIR Magan Pritam Ray
SAN FRANCISCO OFFICE: 39 Drumm St. San Francisco, CA 94111 • FRESNO OFFICE: PO Box 188 Fresno, CA 93707
TEL (415) 621-2493 • FAX (415) 255-1478 • TTY (415) 863-7832 • WWW.ACLUNC.ORG

Enclosed please find a Form G-639, a Form G-28, and an Authorization for Release of Records, all of which have been signed by Mr. Aba.

I.      Request to Preserve Records and for Information Pursuant to FOIA

This demand for preservation of records ("Records") includes, but is not limited to, the following items, all of which we also request you disclose pursuant to FOIA:

1.  Any and all Records relating to Mr. Jerome Aba (A‑███████2), including but not limited to the following:

    a.  Records related to Mr. Aba's travel to and from the Republic of the Philippines;
    b.  Records related to Mr. Aba's visa application and interview at the U.S. Consulate in the Republic of the Philippines, Mr. Aba's visa, and/or other documents authorizing Mr. Aba's admission and entry to the United States;
    c.  Records related to the detention and interrogation of Mr. Aba at SFO during the period of April 17, 2018, to April 19, 2018, including but not limited to any and all video footage corresponding to the period: from April 17, 2018, 6:00 p.m. to April 19, 2018, 6:00 a.m.;
    d.  Records related to the individuals who were involved in the detention, interrogation, and/or search of Mr. Aba, his person, his belongings, and/or his electronic devices at SFO, including but not limited to CBP officers, supervisors, and/or translators;
    e.  Any and all logs, notes, and/or chronologies that mention Mr. Aba or were prepared during the time that Mr. Aba was detained at SFO;
    f.  Records of any and all documents Mr. Aba reviewed or signed while in the custody of CBP, and/or that were presented to him for review or signature;
    g.  Records relating to any and all searches of Mr. Aba's person, his belongings and/or his luggage;
    h.  Records relating to any and all searches[1] of Mr. Aba's electronic devices, including but not limited to searches of his telephones, tablets, and/or computers;
    i.  Any and all documents evidencing, relating or referring to food ordered or prepared for or consumed by Mr. Aba while he was detained at SFO;
    j.  Any and all documents or records of any kind evidencing, relating or referring to any documents, records, images or digital files pertaining to or mentioning Mr. Aba that have been discarded or destroyed;
    k.  All Records related to SIGMA Event # 19478131; and
    l.  All Records related to Event # SFR1804000454;

2.  Any and all communications by and between CBP and other federal, state, foreign or international persons or entities pertaining to Mr. Aba, including but not limited to, the

---

[1] We request Records of "basic" or "advanced" searches of Mr. Aba's electronic devices, as those terms are defined in CBP Directive 3340-049A dated January 4, 2018, as well as any other types of searches of his electronic devices, including searches of content stored or resident on Mr. Aba's devices and searches of content stored remotely.

**American Civil Liberties Union Foundation of Northern California**

EXECUTIVE DIRECTOR Abdi Soltani • BOARD CHAIR Magan Pritam Ray
SAN FRANCISCO OFFICE: 39 Drumm St. San Francisco, CA 94111 • FRESNO OFFICE: PO Box 188 Fresno, CA 93707
TEL (415) 621-2493 • FAX (415) 255-1478 • TTY (415) 863-7832 • WWW.ACLUNC.ORG

Embassy and Consulate of the Republic of the Philippines, the U.S. State Department, the Department of Homeland Security, and other U.S. or Philippines government officials or representatives; and by and between CBP and any airlines; including but not limited to email, text, instant messaging, telephone or correspondence;

3. Any and all communications between CBP and members or representatives of the press or media about Mr. Aba or his detention at SFO, including texts, emails, voicemails, notes of conversation, or other records;

4. Any and all documents evidencing, relating or referring to CBP personnel assignments, shifts, and time records, during the period: from April 17, 2018 6:00 p.m. to April 19, 2018 6:00 a.m.; and

5. Any and all documents evidencing, relating or referring to CBP's policies, rules or protocols for retention, destruction, recycling, or discarding records, documents, video or images.

For the purposes of this Request, "Records" are collectively defined to include, but are not limited to: all records or communications preserved in written or electronic form, including but not limited to: correspondence, documents, data, video, images, audio, emails, faxes, text communications between phones or other electronic devices (including, but not limited to, communications sent via SMS or other text, Blackberry Messenger, iMessage, WhatsApp, Signal, Gchat, or Twitter direct message); audio recorded on cell phones; voicemail messages; social-media posts; files; evaluations; instructions; analyses; notes; orders; policies; procedures; protocols; directives; guidance documents; guidelines; formal and informal presentations; training documents; bulletins; alerts; updates; advisories; reports; manuals; studies; legal and policy memoranda; contracts or agreements; minutes or notes of meetings and phone calls; and memoranda of understanding.

Please be advised that we are making this demand for the preservation of all Records related to Jerome Aba in light of potential requests and/or litigation pursuant to FOIA and other applicable laws.

Therefore, we are demanding that the above-referenced Records be preserved until the final resolution of any and all civil and/or other investigative proceedings arising from this incident. In the event that you do not intend to preserve the aforesaid Records as we have requested, please advise me immediately in writing of your intention and the legal basis for your refusal to preserve this evidence.

II.   <u>REQUEST FOR EXPEDITED PROCESSING</u>

We request expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and the statute's implementing regulations. There is a "compelling need" for these records, as defined in the statute and regulations, because there is urgency to inform the public concerning actual or

alleged Federal Government activity and the request has been made by an organization primarily engaged in disseminating information. *See* 5 U.S.C. § 552(a)(6)(E)(v); 6 C.F.R. § 5.5(e)(1)(ii).

*First*, the ACLU-NC and NLG-SF are requestors "primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II); 6 C.F.R. § 5.5(e)(1)(ii). The ACLU-NC is an affiliate of the ACLU, a national organization that works to protect civil liberties of all people, including the safeguarding of the basic constitutional rights to privacy, free expression, and due process of law. The ACLU-NC is responsible for serving the population of northern California. ACLU-NC staff persons are frequent spokespersons in television and print media and make frequent public presentations at meetings and events. Similarly, the NLG-SF is a chapter of the National Lawyers Guild, the nation's oldest and largest progressive bar association, whose members frequently write and speak on human rights, civil rights and other matters of public interest. The ACLU-NC and NLG-SF plan to analyze and disseminate to the public the information gathered through this Request at no cost, and the records are not sought for any commercial purpose.

Dissemination of information about actual or alleged governmental activity is a critical and substantial component of the ACLU's and NLG's mission and work. The ACLU-NC, for example, actively disseminates and frequently garners extensive media coverage of the information it obtains about actual or alleged government activity through FOIA and California's statutory counterpart, the California Public Records Act. It does so through a heavily visited website (averaging between 10,000 and 20,000 visitors per week) and a paper newsletter distributed to its members, who now number over 170,000. In the past, FOIA requests, litigation over FOIA responses, and information obtained by the ACLU-NC through FOIA about the federal government's immigration enforcement, ethnic and racial profiling, and detention operations have been the subject of articles on the ACLU-NC's website.[2] They have also garnered coverage by other news media.[3]

Courts have found that the ACLU and similar organizations are "primarily engaged in disseminating information" for purposes o expedited processing under FOIA. *See ACLU v. Dep't of Justice*, 321 F. Supp. 2d 24, 30 n.5 (D.D.C. 2004) (finding that a non-profit, public interest group that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience" is

---

[2] *See, e.g.*, https://www.aclunc.org/news/aclu-northern-california-files-demands-documents-implementation-trumps-muslim-ban (FOIA request for CBP detention and deportation records); https://www.aclunc.org/news/aclu-northern-california-files-lawsuit-demanding-documents-implementation-trumps-muslim-ban (lawsuit challenging government's response to FOIA request for CBP records) https://www.aclunc.org/news/aclu-seeks-records-immigration-enforcement-actions-northern-california (FOIA request for ICE enforcement action records); https://www.aclunc.org/news/lawsuit-seeks-documents-regarding-ice-raids (lawsuit challenging government's response to FOIA request for ICE enforcement action records);

[3] *See, e.g.*, Eric Tucker, *5 Men Sue Over Anti-Terror Info-Sharing Program*, Associated Press, July 9, 2014, http://goo.gl/NYgF8p; Hameed Aleaziz, *Lawsuit Against ICE Seeks Information on Asylum Seekers*, SFGate.com, Oct. 20, 2016, http://goo.gl/VjBJYZ; Luke Darby, *What Surveillance Looks Like Under the Trump Administration*, GQ Magazine, May 1, 2017, http://goo.gl/oYvQfq; Daisy Alioto, *How Taking a Photograph Can Land You a Visit from the FBI*, Artsy.com, June 20, 2017, http://goo.gl/bGZvPh; Nicole Narea, *ICE To Hand Over Asylum Seeker Detention Policy Data*, Law360.com, Aug. 9, 2017, http://goo.gl/Q4y34D.

"primarily engaged in disseminating information" (internal citation omitted)); *see also Leadership Conference on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 260 (D.D.C. 2005) (finding Leadership Conference—whose mission is to "disseminate[] information regarding civil rights and voting rights to educate the public [and] promote effective civil rights laws"—to be "primarily engaged in the dissemination of information").

*Second*, there is urgency to inform the public concerning actual or alleged federal government activity.  CBP detained Mr. Aba for over 24 hours at SFO, subjecting him to physical abuse in order to coerce his responses to intrusive and offensive questioning by several individuals.  Mr. Aba's detention has been the focus of many recent media reports raising concerns over the basis of this mistreatment.  *See, e.g.*, Muna Danish, *Filipino Human Rights Activist Detained by Customs Agents at SFO*, KQED, Apr. 18, 2018, https://bit.ly/2qVJTI1; Debora Villalon, *Filipino Activist Denied Entry at SFO Into the United States*, Fox KTVU, Apr. 19, 2018, https://bit.ly/2JmGVTH; *Filipino Activist Denied Entry to U.S. Returns to Manila*, CBS Local, Apr. 19, 2018; https://cbsloc.al/2Hqm85l; Lilian Kim, *Supporters To Rally after Filipino Peace Advocate Claims He Was Tortured*, ABC7 News, Apr. 22, 2018, https://abc7ne.ws/2Hs6uWQ.

## III.     APPLICATION FOR WAIVER OR LIMITATION OF FEES

1.  Release of the records is in the public interest.

We request a waiver of search, review, and reproduction fees on the grounds that disclosure of the requested records is in the public interest because it is likely to contribute significantly to the public understanding of the United States government's operations or activities and is not primarily in the commercial interest of the requester. 5 U.S.C. § 552(a)(4)(A)(iii); 6 C.F.R. § 5.11(k).

As discussed above, numerous news accounts reflect the considerable public interest in the requested records. Given the ongoing and widespread media attention to this issue, the records sought by the Request will significantly contribute to the public understanding of the operations and activities of the Department of Homeland Security and CBP, and will be of interest to a broad interest. *See* 6 C.F.R. § 5.11(k)(1)(i), (k)(2)(iii). In addition, disclosure is not in the ACLU-NC's commercial interest. As described above, any information disclosed as a part of this FOIA Request will be available to the public at no cost. Thus, a fee waiver would fulfill Congress's legislative intent in amending FOIA. *See Judicial Watch Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of waivers for noncommercial requesters.'") (citation omitted); OPEN Government Act of 2007, Pub. L. No. 110-175, § 2, 121 Stat. 2524 (finding that "disclosure, not secrecy, is the dominant objective of the Act," quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1992)).

2.  The ACLU-NC qualifies as a representative of the news media.

A waiver of search and review fees is warranted because the ACLU-NC qualifies as a "representative of the news media" and the requested records are not sought for commercial use.

5 U.S.C. § 552(a)(4)(A)(ii); *see also* 6 C.F.R. §§ 5.11(b)(6), (k)(2)(iii). Accordingly, fees associated with the processing of this request should be "limited to reasonable standard charges for document duplication." The ACLU-NC meets the statutory and regulatory definitions of a "representative of the news media" because it is an "entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." 5 U.S.C. § 552(a)(4)(A)(ii)(II); *see also Nat'l Sec. Archive v. Dep't of Def.*, 880 F.2d 1381, 1387 (D.C. Cir. 1989); *cf. ACLU v. Dep't of Justice*, 321 F. Supp. 2d 24, 30 n.5 (D.D.C. 2004) (finding non-profit public interest group to be "primarily engaged in disseminating information"). The ACLU-NC is a "representative of the news media" for the same reasons that it is "primarily engaged in the dissemination of information." *See Elec. Privacy Info. Ctr. v. Dep't of Def.*, 241 F. Supp. 2d 5, 10–15 (D.D.C. 2003) (finding nonprofit public interest group that disseminated an electronic newsletter and published books was a "representative of the news media" for FOIA purposes). The ACLU-NC recently was held to be a "representative of the news media." *Serv. Women's Action Network v. Dep't of Def.*, No. 3:11CV1534 (MRK), 2012 WL 3683399, at *3 (D. Conn. May 14, 2012); *see also ACLU of Wash. v. Dep't of Justice*, No. C09-0642RSL, 2011 WL 887731, at *10 (W.D. Wash. Mar. 10, 2011) (finding ACLU of Washington to be a "representative of the news media"), *reconsidered in part on other grounds*, 2011 WL 1900140 (W.D. Wash. May 19, 2011).

\* \* \*

Pursuant to the applicable statute and regulations, we expect a determination regarding expedited processing within ten (10) calendar days. *See* 5 U.S.C. § 552(a)(6)(E)(ii)(I); 6 C.F.R. § 5.5(e)(4).

If this request for information is denied in whole or in part, we ask that you justify all deletions by reference to specific exemptions to the Freedom of Information Act. We expect you to release all segregable portions of otherwise exempt material in accordance with 5 U.S.C. § 552(b). We reserve the right to appeal a decision to withhold any information.

Thank you for your prompt attention to this matter. Please furnish all applicable records to Vasudha Talla, American Civil Liberties Union of Northern California, 39 Drumm Street, San Francisco, California 94111, telephone (415) 621-2493 ext. 308.

*Ltr. re Preservation of Records & FOIA Request for Jerome Aba*
*May 29, 2018*
*Page 7 of 7*

     I affirm that the information provided supporting the request for expedited processing is true and correct to the best of my knowledge and belief.

Executed on the 29th day of May, 2018.

Sincerely,

Vasudha Talla
Staff Attorney
ACLU Foundation of Northern California

Enclosures.

cc:
Office of Inspector General/MAIL STOP 0305
Department of Homeland Security
245 Murray Lane SW
Washington, DC 20528-0305

## AUTHORIZATION FOR RELEASE OF RECORDS FOR
## JEROME ALADDIN SUCCOR ABA (A# ███████)

I, JEROME ALADDIN SUCCOR ABA, hereby declare as follows.

1. My full name is Jerome Aladdin Succor ABA. I make this declaration to verify my identity and authorize Vasudha TALLA, Staff Attorney, ACLU Foundation of Northern California, to request and receive any and all records related to me from the Department of Homeland Security, the Department of State, and the Department of Justice agencies, including but not limited to Immigration Customs and Enforcement, Customs and Border Protection, U.S. Citizenship and Immigration Services, the Executive Office for Immigration Review, the Federal Bureau of Investigation, OBIM, and any other federal agency that may have documents relevant to my visa application and visa issuance, entry or departure to/from the United States, immigration status, criminal arrest or conviction history, or relevant proceedings.

2. Please send any and all records which your agency has related to myself to:

   Vasudha Talla
   Staff Attorney
   ACLU Foundation of Northern California
   39 Drumm Street
   San Francisco, CA 94111

3. My date of birth is March 13, 1993.

4. I am able to read and understand English.

5. I certify that this document was read to me in English and Filipino [languages in which I can fluently read and understand] and that I understood it before signing it.

6. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Quezon City, the Republic of the Philippines on May 9, 2018.

SIGNED: _____
         Jerome Aladdin Succor ABA



# Notice of Entry of Appearance
## as Attorney or Accredited Representative
### Department of Homeland Security

**DHS**
**Form G-28**
OMB No. 1615-0105
Expires 03/31/2018

**Part 1. Information About Attorney or Accredited Representative**

1. USCIS ELIS Account Number *(if any)*
   ▶ [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

### Name and Address of Attorney or Accredited Representative

| | | |
|---|---|---|
| **2.a.** | Family Name *(Last Name)* | Talla |
| **2.b.** | Given Name *(First Name)* | Vasudha |
| **2.c.** | Middle Name | |
| **3.a.** | Street Number and Name | 39 Drumm Street |
| **3.b.** | Apt. ☐ Ste. ☐ Flr. ☐ | |
| **3.c.** | City or Town | San Francisco |
| **3.d.** | State | CA |
| **3.e.** | ZIP Code | 94111 |
| **3.f.** | Province | |
| **3.g.** | Postal Code | |
| **3.h.** | Country | USA |
| **4.** | Daytime Telephone Number | 4152936308 |
| **5.** | Fax Number | 4152558437 |
| **6.** | E-Mail Address *(if any)* | vtalla@aclunc.org |
| **7.** | Mobile Telephone Number *(if any)* | |

**Part 2. Notice of Appearance as Attorney or Accredited Representative**

This appearance relates to immigration matters before *(Select only one box)*:

**1.a.** ☐ USCIS

**1.b.** List the form numbers
[                                    ]

**2.a.** ☐ ICE

**2.b.** List the specific matter in which appearance is entered
[                                    ]

**3.a.** ☒ CBP

**3.b.** List the specific matter in which appearance is entered
[ FOIA Request dated May 29,2018 ]

I enter my appearance as attorney or accredited representative at the request of:

**4.** Select **only one** box:
☐ Applicant   ☐ Petitioner   ☒ Requestor
☐ Respondent (ICE, CBP)

### Information About Applicant, Petitioner, Requestor, or Respondent

| | | |
|---|---|---|
| **5.a.** | Family Name *(Last Name)* | ABA |
| **5.b.** | Given Name *(First Name)* | Jerome |
| **5.c.** | Middle Name | Aladdin Succor |
| **6.** | Name of Company or Organization *(if applicable)* | |



## Part 2. Notice of Appearance as Attorney or Accredited Representative *(continued)*

### *Information About Applicant, Petitioner, Requestor, or Respondent (continued)*

**7.** USCIS ELIS Account Number *(if any)*

▶ 

**8.** Alien Registration Number (A-Number) or Receipt Number

�my

**9.** Daytime Telephone Number

6329206660

**10.** Mobile Telephone Number *(if any)*

**11.** E-Mail Address *(if any)*

### *Mailing Address of Applicant, Petitioner, Requestor, or Respondent*

**NOTE:** Provide the mailing address of the applicant, petitioner, requestor, or respondent. **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application, petition, or request being filed with this Form G-28.

**12.a.** Street Number and Name

**12.b.** Apt. ☐ Ste. ☐ Flr. ☐

**12.c.** City or Town — Brgy Central Quezon

**12.d.** State

**12.e.** ZIP Code

**12.f.** Province

**12.g.** Postal Code — 1100

**12.h.** Country

Philippines

## Part 3. Eligibility Information for Attorney or Accredited Representative

Select **all applicable** items.

**1.a.** ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia. *(If you need additional space, use Part 6.)*

Licensing Authority

California

**1.b.** Bar Number *(if applicable)*

316219

**1.c.** Name of Law Firm

ACLU Foundation of Northern CA

**1.d.** I *(choose one)* ☒ *am not* ☐ *am*

subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law. If you are subject to any orders, explain in the space below. *(If you need additional space, use Part 6.)*

**2.a.** ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States, so recognized by the Department of Justice, Board of Immigration Appeals, in accordance with 8 CFR 292.2. Provide the name of the organization and the expiration date of accreditation.

**2.b.** Name of Recognized Organization

**2.c.** Date accreditation expires

*(mm/dd/yyyy)* ▶ 



## Part 3. Eligibility Information for Attorney or Accredited Representative (continued)

3. ☐ I am associated with

[                                        ]

the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative is at his or her request.

**NOTE:** If you select this item, also complete Item Numbers 1.a. - 1.b. or Item Numbers 2.a. - 2.e. in **Part 3.** *(whichever is appropriate).*

4.a. ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2)(iv).

4.b. Name of Law Student or Law Graduate

[                                        ]

## Part 4. Applicant, Petitioner, Requestor, or Respondent Consent to Representation, Contact Information, and Signature

### Consent to Representation and Release of Information

1. I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and DHS policy, I also consent to the disclosure to the named attorney or accredited representative of any record pertaining to me that appears in any system of records of USCIS, ICE or CBP.

When you (the applicant, petitioner, requestor, or respondent) are represented, DHS will send notices to both you and your attorney or accredited representative either through mail or electronic delivery.

DHS will also send the Form I-94, Arrival Departure Record, to you **unless** you select **Item Number 2.a.** in **Part 4.** All secure identity documents and Travel Documents will be sent to you (the applicant, petitioner, requestor, or respondent) at your U.S. mailing address **unless** you ask us to send your secure identity documents to your attorney of record or accredited representative.

If you do not want to receive original notices or secure identity documents directly, but would rather have such notices and documents sent to your attorney of record or accredited representative, please select **all** applicable boxes below:

2.a. ☒ I request DHS send any notice (including Form I-94) on an application, petition, or request to the U.S. business address of my attorney of record or accredited representative as listed in this form. I understand that I may change this election at any future date through written notice to DHS.

2.b. ☐ I request that DHS send any secure identity document, such as a Permanent Resident Card, Employment Authorization Document, or Travel Document, that I am approved to receive and authorized to possess, to the U.S. business address of my attorney of record or accredited representative as listed in this form or to a designated military or diplomatic address for pickup in a foreign country (if permitted). I consent to having my secure identity document sent to my attorney of record or accredited representative's U.S. business address and understand that I may request, at any future date and through written notice to DHS, that DHS send any secure identity document to me directly.

3.a. Signature of Applicant, Petitioner, Requestor, or Respondent



3.b. Date of Signature *(mm/dd/yyyy)* ▶ 05/09/2018

## Part 5. Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before the Department of Homeland Security. I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

1. Signature of Attorney or Accredited Representative

*Vasudha Tale*

2. Signature of Law Student or Law Graduate

[                                        ]

3. Date of Signature *(mm/dd/yyyy)* ▶ 5/29/18



# Freedom of Information/Privacy Act Request

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**USCIS**
**Form G-639**
OMB No. 1615-0102
Expires 04/30/2020

**NOTE:** Use of this form is optional. USCIS accepts any written request, regardless of format, provided that the request complies with the applicable requirements under the FOIA and the Privacy Act.

▶ **START HERE - Type or print in black ink.**

## Part 1. Type of Request

Select **only one** box.

**NOTE:** If you are filing this request on behalf of another individual, respond as it would apply to that individual.

**1.a.** ☒ Freedom of Information Act (FOIA)/Privacy Act (PA)

**1.b.** ☐ Amendment of Record (PA only)

## Part 2. Requestor Information

**1.** Are you the Subject of Record for this request?
☐ Yes   ☒ No

If you answered "No" to **Item Number 1.**, provide the information requested in **Part 2.** If you answered "Yes" to **Item Number 1.**, skip to **Part 3.**

### Requestor's Full Name

**2.a.** Family Name (Last Name)   `ACLU Foundation of Northern CA`

**2.b.** Given Name (First Name)   `National Lawyers Guild - San`

**2.c.** Middle Name   `Francisco Bay Area`

### Requestor's Mailing Address

**3.a.** In Care Of Name (if any)
`Vasudha Talla Staff Attorney`

**3.b.** Street Number and Name   `39 Drumm Street`

**3.c.** ☐ Apt. ☐ Ste. ☐ Flr.

**3.d.** City or Town   `San Francisco`

**3.e.** State `CA`   **3.f.** ZIP Code `94111`

**3.g.** Province

**3.h.** Postal Code

**3.i.** Country
`USA`

### Requestor's Contact Information

**4.** Requestor's Daytime Telephone Number
`(415) 293-6308`

**5.** Requestor's Mobile Telephone Number (if any)

**6.** Requestor's Email Address (if any)
`vtalla@aclunc.org`

### Requestor's Certification

By my signature, I consent to pay all costs incurred for search, duplication, and review of documents up to **$25**. (See Form G-639 Instructions for more information.)

**7.a.** Requestor's Signature

**7.b.** Date of Signature (mm/dd/yyyy) `05/29/2018`

## Part 3. Description of Records Requested

**NOTE:** While you are not required to respond to every item in **Part 3.**, failure to provide complete and specific information may delay processing of your request or create an inability for U.S. Citizenship and Immigration Services (USCIS) to locate the records or information requested.

**1.** **Purpose (Optional:** You are not required to state the purpose of your request. However, providing this information may assist USCIS in locating the records needed to respond to your request.)

`Please see attached letter requesting`
`records related to Jerome Aba (A# ▮`
`▮▮▮, dated May 29, 2018.`

### Full Name of the Subject of Record

**2.a.** Family Name (Last Name)   `ABA`

**2.b.** Given Name (First Name)   `Jerome`

**2.c.** Middle Name   `Aladdin Succor`

## Part 3.  Description of Records Requested (continued)

### Other Names Used by the Subject of Record (if any)

Provide all other names you have ever used, including aliases, maiden name, and nicknames.  If you need extra space to complete this section, use the space provided in **Part 5. Additional Information**.

**3.a.** Family Name (Last Name)

**3.b.** Given Name (First Name)

**3.c.** Middle Name

### Full Name of the Subject of Record at Time of Entry into the United States

**4.a.** Family Name (Last Name)    ABA

**4.b.** Given Name (First Name)    Jerome

**4.c.** Middle Name    Aladdin Succor

### Other Information About the Subject of Record

**5.** Form I-94 Number Arrival-Departure Record
► [          ]

**6.** Alien Registration Number (A-Number) (if any)
► A-[        ]

**7.** USCIS Online Account Number (if any)
► [          ]

**8.** Application, Petition, or Request Receipt Number
► [          ]

### Information About Family Members that May Appear on Requested Records

For example, provide the requested information about a spouse or children.  If you need extra space to complete this section, use the space provided in **Part 5. Additional Information**.

**Family Member 1**

**9.a.** Family Name (Last Name)

**9.b.** Given Name (First Name)

**9.c.** Middle Name

**10.** Relationship

**Family Member 2**

**11.a.** Family Name (Last Name)

**11.b.** Given Name (First Name)

**11.c.** Middle Name

**12.** Relationship

### Parents' Names for the Subject of Record

**Father**

**13.a.** Family Name (Last Name)

**13.b.** Given Name (First Name)

**13.c.** Middle Name

**Mother**

**14.a.** Family Name (Last Name)

**14.b.** Given Name (First Name)

**14.c.** Middle Name

**14.d.** Maiden Name (if applicable)

**15.** **Description of Records Sought.**

Provide a description of the records you are seeking.  If you need additional space, use the space provided in **Part 5. Additional Information**.

Please see attached letter requesting

records related to Jerome Aba [     ]

[     ] dated May 29, 2018.

## Part 4.  Verification of Identity and Subject of Record Consent

**NOTE:**  Complete all applicable **Item Numbers**.  In addition, the Subject of Record **MUST** sign **Part 4.** of this request.

### Full Name of the Subject of Record

**1.a.** Family Name (Last Name)    ABA

**1.b.** Given Name (First Name)    Jerome

**1.c.** Middle Name    Aladdin Succor

## Part 4.  Verification of Identity and Subject of Record Consent (continued)

### Mailing Address for the Subject of Record

2.a.  In Care Of Name (if any)

National Union of Peoples Lawyers

2.b.  Street Number and Name

3F Erythrina Building
1 Maaralin Corner Matatag Streets

2.c.  ☐ Apt.  ☐ Ste.  ☐ Flr.

2.d.  City or Town   Brgy. Central, Quezon City

2.e.  State              2.f.  ZIP Code

2.g.  Province

2.h.  Postal Code   1100

2.i.  Country

Philippines

### Other Information for the Subject of Record

3.  Date of Birth  (mm/dd/yyyy)   ███████

4.  Country of Birth

Philippines

### Contact Information for the Subject of Record

Providing this information is optional.

5.  Daytime Telephone Number

+632-9206660

6.  Mobile Telephone Number (if any)

7.  Email Address (if any)

### Signature and Notarized Affidavit or Declaration of the Subject of Record

Select only one box.

**NOTE:** The Subject of Record MUST provide a signature in Item Number 8.a. Notarized Affidavit of Identity OR Item Number 8.b. Declaration Under Penalty of Perjury. If the Subject of Record is deceased, read Item Number 8.c. Deceased Subject of Record and attach proof of death.

8.a.  ☐  **Notarized Affidavit of Identity**

(Do NOT sign and date below until the notary public provides instructions to you.)

By my signature, I consent to USCIS releasing the requested records to the requestor (if applicable) named in Part 2.  I also consent to pay all costs incurred for search, duplication, and review of documents up to $25 (if filing this request for myself).

_____
Signature of Subject of Record

_____
Date of Signature (mm/dd/yyyy)

Subscribed and sworn to before me on this _____

day of _____ in the year _____.

Daytime Telephone Number _____

_____
Signature of Notary

_____
My Commission Expires on (mm/dd/yyyy)

8.b.  ☒  **Declaration Under Penalty of Perjury**

By my signature, I consent to USCIS releasing the requested records to the requestor (if applicable) named in Part 2.  I also consent to pay all costs incurred for search, duplication, and review of documents up to $25 (if filing this request for myself).

I certify, swear, or affirm, under penalty of perjury under the laws of the United States of America, that the information in this request is complete, true, and correct.

_____
Signature of Subject of Record

05/09/2018
_____
Date of Signature (mm/dd/yyyy)

8.c.  **Deceased Subject of Record**

(NOTE: You MUST attach an obituary, death certificate, or other proof of death.)

# **<u>EXHIBIT C</u>**

**From:** CBPFOIA@cbp.dhs.gov
**Subject:** Final Disposition, Request CBP-2018-050484
**Date:** May 2, 2018 at 4:48 PM
**To:** Vasudha Talla  vtalla@aclunc.org



Pursuant to 6 C.F.R. Part 5 § 5.3(b) of the DHS FOIA regulations, you must describe the records you are seeking with as much information as possible to ensure that our search of appropriate systems of records can find them with a reasonable amount of effort. Your FOIA request for Jerome Aba has been closed as insufficient for **one or more of the following reasons**:

· Your FOIA request is a third party request and did not include authorization that information on this individual can be released to you.  All third party FOIA requests must include a signed G-28 or G-639 form, or a signed statement from the individual verifying that his/her information may be released to you.

· Did not include a date of birth.

Please resubmit your FOIA request, along with the required information, by logging into your existing FOIAonline account or go to https://foiaonline.regulations.gov to create an account.

# **EXHIBIT D**

**From:** CBPFOIA@cbp.dhs.gov
**Subject:** FOIA Request CBP-2018-062870 Submitted
**Date:** June 11, 2018 at 5:30 PM
**To:** Vasudha Talla vtalla@aclunc.org





This message is to confirm your request submission to the FOIAonline application: <u>View Request</u>. Request information is as follows:

- Tracking Number: CBP-2018-062870
- Requester Name: Vasudha Talla
- Date Submitted: 06/07/2018
- Request Status: Submitted
- Description: Duplicate of CBP-2018-059738

**From:** CBPFOIA@cbp.dhs.gov
**Subject:** Final Disposition, Request CBP-2018-062870
**Date:** June 11, 2018 at 5:36 PM
**To:** Vasudha Talla  vtalla@aclunc.org



FOIA request CBP-2018-062870 for **Jerome Aladdin Succor Aba** has been closed as it is a duplicate of an earlier FOIA request that you submitted electronically.  Your earlier FOIA request **CBP-2018-059738** will be processed in the order it was received.

# **<u>EXHIBIT E</u>**

Vasudha Talla
ACLU Foundation of Northern California
39 Drumm Street
San Francisco, CA 94111

June 13, 2018

Dear Vasudha Talla,

Vasudha Talla

39 Drumm Street San Francisco CA 94111

Dear Vasudha Talla:

This automated notice acknowledges receipt of your Freedom of Information Act (FOIA) request to U.S. Customs and Border Protection (CBP) received on 05/29/2018 for **Jerome ABA**.   Please use the following unique FOIA tracking number CBP-2018-059738 to track the status of your request.  If you have not already done so, you must create a FOIAonline account at https://foiaonline.regulations.gov.  This is the only method available to check the status of your pending FOIA request.

Provisions of the Act allow us to recover part of the cost of complying with your request.  We shall charge you for records in accordance with the DHS FOIA regulations outlined on the DHS website, https://www.federalregister.gov/documents/2016/11/22/2016-28095/freedom-of-information-act-regulations. By submitting your request, you have agreed to pay up to $25.00 in applicable processing fees, if any fees associated with your request exceed this amount, CBP shall contact you; however, the first 100 pages are free.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request.  Consistent with 6 C.F.R. Part 5 §5.5(a) of the DHS FOIA regulations, CBP processes FOIA requests according to their order of receipt.  Although CBP's goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10-day extension of this time period in certain circumstances pursuant to 6 C.F.R. Part 5 §5.5(c).

CBP's FOIA Division is working hard to reduce the amount of time necessary to respond to FOIA requests.  Currently, the average time to process a FOIA request related to "travel/border incidents" is a

minimum of 3-6 months. We truly appreciate your continued patience.

For additional information please consult CBP FOIA website please click on FOIA Act Resources or visit http://www.cbp.gov/site-policy-notices/foia.

Sincerely,
U.S. Customs and Border Protection

**EXHIBIT F**



*Office of the Under Secretary for*
*National Protection and Programs*
**U.S. Department of Homeland Security**
Washington, DC 20528

June 11, 2018

<u>**SENT VIA E-MAIL TO:**</u>  vtalla@aclunc.org

Vasudha  Talla
39 DRUMM STREET
SAN FRANCISCO, CA 94111

Re:  **2018-OBFO-26128**

Dear  Talla:

This letter acknowledges receipt of your May 29, 2018, Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), seeking records from the Automated Biometric Identification System (IDENT) on behalf of your client, Jerome Aladdin Succor Aba.  This office received your request on June 06, 2018.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request.  Consistent with 6 C.F.R. Part 5 § 5.5(a) of the DHS FOIA regulations, the Department processes FOIA requests according to their order of receipt.  Although DHS' goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10-day extension of this time period in certain circumstances pursuant to 6 C.F.R. Part 5 § 5.5(c).   As your request seeks documents that will require a thorough and wide-ranging search, DHS will invoke a 10-day extension for your request pursuant to 6 C.F.R. Part 5 § 5.5(c).   We will make every effort to comply with your request in a timely manner.

Provisions of the FOIA allow us to recover part of the cost of complying with your request.  We shall charge you for records in accordance with the DHS FOIA regulations as they apply to non-commercial requesters.  As a non-commercial requester, you will be charged 10 cents per page for duplication; the first 100 pages are free, as are the first two hours of search time, after which you will pay the per quarter-hour rate ($4.00 for clerical personnel, $7.00 for professional personnel, $10.25 for managerial personnel) of the searcher.  We will construe the submission of your request as an agreement to pay up to $25.00.

We have queried the appropriate component(s) of DHS for responsive records.  If any responsive records are located, they will be reviewed for determination of releasability.  Please be assured that one of the analysts in our office will respond to your request as expeditiously as possible.  We appreciate your patience as we proceed with your request.

Your request has been assigned reference number **2018-OBFO-26128**.  Please refer to this identifier in any future correspondence.  The status of your FOIA request is now available online and can be accessed at: https://www.dhs.gov/foia-status, by using this FOIA request number.  Status information is updated daily. Alternatively, you can download the DHS eFOIA Mobile App, the free app is available for all Apple and Android devices. With the DHS eFOIA Mobile App, you can submit FOIA requests or check the status of requests, access all of the content on the FOIA website, and receive updates anyplace, anytime.

If you have any questions, or would like to discuss this matter, please feel free to contact this office at 202-295-5454.

Sincerely,

OBIM FOIA
Department of Homeland Security
245 Murray Lane, SW
STOP-0628
Washington, D.C. 20528-0628
E-Mail OBIM-FOIA@ice.dhs.gov

# **EXHIBIT G**



Office of the Under Secretary
National Protection and Programs Directorate
U.S. Department of Homeland Security
Washington, DC 20528

August 28, 2018

**SENT VIA E-MAIL TO:  vtalla@aclunc.org**

Vasudha Talla
ACLU OF Northern California
39 DRUMM STREET
SAN FRANCISCO, CA 94111

Re:  **2018-OBFO-26128**

Dear Ms. Talla:

This is the final response to your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), dated May 29, 2018, and received by this office on June 6, 2018. You are seeking records relating to your client, Jerome Aladdin Succor Aba.  You provided information for your client which we have compared to records accessible by the Office of Biometric Identity Management (OBIM).

A search of the Automated Biometric Identification System (IDENT) for documents responsive to your request produced a total of three pages (enclosed), portions of which are withheld pursuant to Title 5 U.S.C. § 552 (b)(6), (b)(7)(C) and (b)(7)(E) described below.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.  As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information.  Please note that any private interest you may have in that information does not factor into this determination.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  I determined that disclosure of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques could reasonably be expected to risk circumvention of the law.  Additionally, the techniques and procedures at issue are not well known to the public.

You may contact the OBIM FOIA Public Liaison at 202-295-5454 for any further assistance and to discuss any aspect of your request.  You may also contact OGIS at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with the response to this request, you may administratively appeal by writing to:  Associate General Counsel (General Law), U.S. Department of Homeland Security, Washington, D.C. 20528, following the procedures outlined in the DHS regulations at 6 C.F.R. § 5.8.  Your envelope and letter should be marked "FOIA Appeal."  Your appeal must be postmarked or electronically transmitted within 90 days of the date of the response to your request.  Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

If you need to contact our office again about this matter, please refer to **2018-OBFO-26128**. This office can be reached at 202-295-5454.


Sincerely,

James VM Holzer, J

James Holzer
Deputy Chief FOIA Officer


Enclosure

# **EXHIBIT H**





November 26, 2018

**VIA E-MAIL/ELECTRONIC SUBMISSION**

Associate General Counsel (General Law)
U.S. Department of Homeland Security
Washington D.C. 20528
OBIM-FOIA@ice.dhs.gov

> Re:   FOIA Request re Jerome Aba (A#            )
>         SIGMA Event # 19478131
>         Event # SFR1804000454

Case Nos: 2018-OBFO-26128

Dear Sir/Madam:

The American Civil Liberties Union of Northern California ("ACLU-NC") and the National Lawyers Guild San Francisco Bay Area Chapter ("NLG-SF") write this letter appealing the August 28, 2018 determination by the Department of Homeland Security ("DHS") regarding the Freedom of Information Act ("FOIA") request submitted for Mr. Jerome Aba.

As an initial matter, the enclosed August 28, 2018 letter sent by James Holzer, Deputy Chief FOIA Officer, to my attention purports to be the "final response to [the] Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), dated May 29, 2018, and received by this office on June 6, 2018."  To the extent that the August 28, 2018 response purports to provide all responsive records held by DHS relating to Mr. Aba, DHS has not performed a reasonable and adequate search calculated to uncover all responsive records. The August 28, 2018 response contained only three pages relating to Mr. Aba from a "US-VISIT" system. DHS clearly possesses other documents relating to Mr. Aba, including a Record of Sworn Statement, internal documents reflecting the DHS personnel and agents involved in Mr. Aba's detention and interrogation, and many other documents related to Mr. Aba's travel to and detention in the San Francisco International Airport. We note further that U.S. Customs and Border Protection, a component of DHS, has assigned separate case numbers to Mr. Aba's FOIA requests: CBP-2018-059738 and CBP-2018-062870. We have received no records from CBP for either of these case tracking numbers. Therefore, we appeal any determination in the August 28, 2018 letter that DHS has fully responded to the FOIA request submitted by Mr. Aba.

Next, we appeal the use of FOIA exemptions (b)(6) & (b)(7)(C) to redact a "Terminal ID." in the disclosed records. Both Exemptions 6 and 7(C) protect from disclosure information that would cause an "unwarranted invasion of personal privacy." Your office has failed to

provide a sufficient factual predicate to establish the basis for these exemptions. The Terminal ID does not appear to reveal names, email addresses, or other information that taken alone would be sufficient to identify an individual or invade their personal privacy. Further, these exemptions are inappropriate because the public interest in disclosure outweighs any privacy interests.

Finally, we appeal the use of FOIA exemption b(7)(E) to withhold portions of the records disclosed on August 29, 2018. Your agency has not provided a sufficient factual predicate to establish that Exemption 7(E) should apply to the withheld portions of the document. You have not provided sufficient information to confirm that the information withheld was compiled for a law enforcement purpose, nor that disclosure of the information would risk circumvention of the law.

Sincerely,

Vasudha Talla
Staff Attorney
ACLU Foundation of Northern California

Enclosures.



Office of the Under Secretary
National Protection and Programs Directorate
U.S. Department of Homeland Security
Washington, DC 20528

August 28, 2018

**SENT VIA E-MAIL TO:  vtalla@aclunc.org**

Vasudha Talla
ACLU OF Northern California
39 DRUMM STREET
SAN FRANCISCO, CA 94111

Re:  **2018-OBFO-26128**

Dear Ms. Talla:

This is the final response to your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), dated May 29, 2018, and received by this office on June 6, 2018. You are seeking records relating to your client, Jerome Aladdin Succor Aba.  You provided information for your client which we have compared to records accessible by the Office of Biometric Identity Management (OBIM).

A search of the Automated Biometric Identification System (IDENT) for documents responsive to your request produced a total of three pages (enclosed), portions of which are withheld pursuant to Title 5 U.S.C. § 552 (b)(6), (b)(7)(C) and (b)(7)(E) described below.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.  As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information.  Please note that any private interest you may have in that information does not factor into this determination.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  I determined that disclosure of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques could reasonably be expected to risk circumvention of the law.  Additionally, the techniques and procedures at issue are not well known to the public.

You may contact the OBIM FOIA Public Liaison at 202-295-5454 for any further assistance and to discuss any aspect of your request.  You may also contact OGIS at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with the response to this request, you may administratively appeal by writing to:  Associate General Counsel (General Law), U.S. Department of Homeland Security, Washington, D.C. 20528, following the procedures outlined in the DHS regulations at 6 C.F.R. § 5.8.  Your envelope and letter should be marked "FOIA Appeal."  Your appeal must be postmarked or electronically transmitted within 90 days of the date of the response to your request.  Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

If you need to contact our office again about this matter, please refer to **2018-OBFO-26128**.  This office can be reached at 202-295-5454.


Sincerely,

James VMc Holzer, J

James Holzer
Deputy Chief FOIA Officer


Enclosure

**<u>EXHIBIT I</u>**



**U.S. Department of
Homeland Security**

**United States
Coast Guard**

Office of the Administrative Law Judge
United States Coast Guard

U.S. Courthouse
601 25ᵗʰ Street, Suite 508A
Galveston, Texas
Staff Symbol: ALJ-Hou
Phone:  409-765-1300
Fax: 409-765-1303
Email: Tommy.B.Cantrell@uscg.mil

5720
10 May 2019

Vasudha Talla
ACLU of Northern California
39 Drumm Street
San Francisco, CA 94111

RE: DHS FOIA Appeal Number 2019-HQAP-00085; FOIA REQUEST NUMBER:
2018-OBFO-26128

Dear Ms. Talla:

This letter concerns your appeal of the Department of Homeland Security (DHS) Office
of Biometric Identity Management's (OBIM) response to your FOIA request 2018-
OBFO-26128.  In your initial request, you sought materials relating to Jerome Aladdin
Sucoor Aba.  As set forth below, I am **AFFIRMING IN PART AND REMANDING
IN PART** this matter to OBIM for further explanation.

Pursuant to a memorandum of agreement, the United States Coast Guard Office of the
Chief Administrative Law Judge is reviewing FOIA appeals for the Department of
Homeland Security General Counsel's office.  Therefore, the Office of the Chief
Administrative Law Judge hereby renders the official appeal decision on behalf of the
Department of Homeland Security.

On August 28, 2018, OBIM responded to your request informing you it performed a
search and located three pages of responsive documents.  OBIM produced the document,
but withheld some information, citing 5 U.S.C. §§ 552(b)(7)(E) and (b)(6).[1]  Your appeal
indicates you seek unredacted copies.

As set forth below, I am uncertain whether OBIM properly applied FOIA Exemption
(b)(6), and, therefore, remand this to OBIM for further explanation.

I am, however, affirming the Agency's application of (b)(7)(E).

**Exemption 7**

Exemption 7 of the Freedom of Information Act protects from disclosure "records or
information compiled for law enforcement purposes, but only to the extent that the
production of such law enforcement records or information

---

[1] The Agency's response also cited 5 U.S.C. §§ 552(b)(7)(C), however, the undersigned did not see where
the Agency made any redactions relying on this exemption.  Either party may contact my office if a
document was withheld or redacted relying on (b)(7)(C), which was inadvertently not included in the file.

(E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

In making their determinations of Exemption 7 threshold applicability, courts have focused on the content and purpose for compiling each item of information involved, regardless of the overall character of the record in which it happens to be maintained. FBI v. Abramson, 456 U.S. 615, 624, 626 (1982) (explaining that "threshold requirement for qualifying under Exemption 7 turns on the purpose for which the document sought to be withheld was prepared" because focus is on nature of information).

Applying this exemption, I reviewed each unredacted document produced by the Agency and preliminarily conclude the content and purpose for compiling these record was for law enforcement purposes.  I also conclude that production of these materials would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

Accordingly, I am **AFFIRMING IN PART** and **REMANDING IN PART** to OBIM with instruction to advise my office within 30 days as to how b(6) applies to the redacted materials.

Notwithstanding the above decision, as part of the 2007 FOIA amendments, the Office of Government Information Services (OGIS) was created to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your right to pursue litigation.  If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  If you wish to contact OGIS, you may email them at ogis@nara.gov or call 1-877-684-6448.

Once I receive a response from the Agency, I, or another attorney, will provide you with an additional letter disposing of your appeal.  If my office does not receive a timely response from the Agency, I, or another attorney, will supply you with a letter providing final agency action so that you may enter federal court to seek further relief, if you so choose.


Sincerely,

Tommy Cantrell
Attorney Advisor
United States Coast Guard
U.S. Department of Homeland Security


Sent: Via email at the address indicated above.

# **<u>EXHIBIT J</u>**

**U.S. Department of
Homeland Security**

**United States
Coast Guard** 

Office of the Administrative
Law Judge
United States Coast Guard

U.S. Courthouse
601 25th Street, Suite 508A
Galveston, Texas
Staff Symbol: ALJ-HOU
Phone:  409-765-1300
Fax: 409-765-1303
Email: Tommy.B.Cantrell@uscg.mil

5720
June 19, 2019

Vasudha Talla
ACLU of Northern California
39 Drumm Street
San Francisco, CA 94111

RE: DHS FOIA Appeal Number 2019-HQAP-00085; FOIA Request Number 2018-OBFO-26128

Dear Ms. Talla:

On or about May 10, 2019, I **REMANDED** this matter and directed the Agency to provide a supplemental response concerning your FOIA Request Number 2018-OBFO-26128.  The letter specifically gave the Agency 30 days to comply.

To date, I have not received a response from the Agency.  Therefore, this letter constitutes final Agency action and you are now able to appeal this matter to Federal District Court.

As part of the 2007 FOIA amendments, the Office of Government Information Services (OGIS) was created to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your right to pursue litigation.  If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. If you wish to contact OGIS, you may email them at ogis@nara.gov or call 1-877-684-6448.

1

This decision is the final action of DHS concerning DHS FOIA Appeal Number 2019-HQAP-00085; FOIA Request Number 2018-OBFO-26128.  You may seek judicial review of this decision, per 5 U.S.C. §552(a)(4)(B) in either the United States District Court: 1) where you reside; 2) the district where the pertinent agency is situated; or 3) in the District of Columbia.

Sincerely,

Tommy B. Cantrell
Attorney Advisor
United States Coast Guard
Department of Homeland Security

CC: FOIA Appeals Officer

2